The defendant, Stanley Donald, was convicted in 1999 by a jury of two counts of aggravated rape and one count each of unarmed robbery, kidnapping, assault and battery by means of a dangerous weapon, and carjacking. The defendant later moved for forensic testing pursuant to G. L. c. 278A. After a hearing in May, 2016, a Superior Court judge allowed deoxyribonucleic acid testing of the victim's underwear but otherwise denied the defendant's motion. The defendant appeals, arguing that the judge should have ordered discovery and the testing of various blood stains. We affirm.
1. Testing of blood stains. The Supreme Judicial Court held in Commonwealth v. Donald, 468 Mass. 37, 42 n.8 (2014), that the defendant had demonstrated that testing of the biological material left in the victim's underwear at the time of the rapes satisfied the requirement "that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case," G. L. c. 278A, § 3(b )(4), inserted by St. 2012, c. 38. The court did not reach the question whether the defendant had made the requisite showing as to the other evidence. Donald, supra at 42 n.9.
"To determine whether a moving party meets this requirement, it is necessary to consider only whether the test results could be material to the question of the identity of the person who committed the criminal act of which the moving party was convicted." Commonwealth v. Wade, 467 Mass. 496, 507-508 (2014). At the onset of the crime here, the perpetrator "rammed [the victim] to the ground, and smashed her face into the cement floor of the garage. [The victim's] nose broke, and she sustained abrasions across her forehead." Commonwealth v. Donald, 56 Mass. App. Ct. 1102 (2002). The victim thereafter was fully compliant with the perpetrator's demands. There is nothing in the record that suggests that the perpetrator injured himself or in any way contributed to the blood stains in the garage. Contrary to the defendant's suggestion, the mere fact that the perpetrator "walk[ed] in a limp manner" (to all appearances prior to the assault) provides no reason to believe that the perpetrator bled in the garage. In the absence of any reason to believe that the perpetrator contributed to the blood stains, the defendant failed to show that the requested "analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime." G. L. c. 278A, §§ 3(b )(4), 7(b )(4), inserted by St. 2012, c. 38. See Commonwealth v. Clark, 472 Mass. 120, 127-128 (2015).
2. Discovery. Under G. L. c. 278A, § 7(c ), inserted by St. 2012, c. 38, a judge "may authorize such discovery as provided for under Rule 30(c)(4)[, as appearing in 435 Mass. 1501 (2001),] of the Massachusetts Rules of Criminal Procedure ... as is deemed appropriate," as well as "discovery to assist the moving party in identifying the location and condition of evidence or biological material," Commonwealth v. Lyons, 89 Mass. App. Ct. 485, 493 (2016), quoting from G. L. c. 278A, § 7(c ). Discovery under rule 30(c)(4) "is within the judge's broad discretion." Commonwealth v. Arriaga, 438 Mass. 556, 570 (2003).
The defendant here asks for discovery of rape kit forms documenting the victim's statements (that apparently are not in the possession of the Commonwealth). The defendant provides no explanation, nor do we see, how these forms would assist in locating or testing evidence.[3] Accordingly, we discern no abuse of discretion in the judge's denial of discovery.
Order denying motion to reconsider and test blood evidence affirmed.
Order denying motion for discovery affirmed.

The defendant's creative suggestion that rape kit forms fall under the definition of biological material in G. L. c. 278A, § 1, is misplaced, as he does not suggest any forensic or scientific analysis to be conducted on the forms.